UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY MOORHEAD II,<br><br>Plaintiffs,<br><br>v.<br><br>RAUL HERNANDEZ, et al.,<br><br>Defendants. | No. 2:24-cv-00344-TLN-SCR<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this matter pro se, and this matter is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636.  Now before the Court are Defendants' Motion to Dismiss (ECF No. 4), Motion to Strike (ECF No. 11), and request to file a reply (ECF No. 8).  Plaintiff has filed a motion to participate in e-filing (ECF No. 9).  The motions were submitted without oral argument.  ECF Nos. 12 & 14.  The Court now denies the request to file a reply and motion for e-filing, and will recommend that the motion to dismiss be granted, with leave to amend, and the motion to strike be granted for the reasons set forth herein.

**I.      Background and Procedural History**

On December 19, 2023, Plaintiff filed his complaint in California state court.  ECF No. 1 at 1.  Defendants were served on December 29, 2023, and removed the action to this Court on January 29, 2024.  *Id.* at 1-2.  The Complaint cites to 42 U.S.C. § 1983 and asserts violation of Plaintiff's Fourth, Fifth, Eleventh, and Fourteenth Amendment rights related to an unreasonable stop, search, and seizure of Plaintiff by Officers Hernandez and John Doe.  ECF No. 1 at 4.

1

Plaintiff alleges that he pulled into his driveway and a police car pulled in behind him and told him he had a taillight out. *Id.* at 6.[1] He alleges he was then placed in handcuffs and officers began searching his car. *Id.* Plaintiff claims he was also told his tags were expired. Plaintiff alleges he was then released, but Defendants wanted to send a "malicious message" and had Plaintiff's vehicle towed and impounded. *Id.* at 7. Plaintiff states that throughout the encounter he "was not intoxicated, incapacitated, a threat to safety of himself or others, or disorderly." *Id.* at 8. Plaintiff alleges the encounter was videotaped by Officer Hernandez's camera on his patrol car, but when Plaintiff requested the tape it had been "lost or destroyed." *Id.*

On February 5, 2024, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 4. Defendants raise a variety of arguments, including: 1) there was probable cause for the stop; 2) Plaintiff has alleged insufficient facts to state a claim for battery or assault; 3) there are insufficient factual allegations against Officer Hernandez in Counts II and III; 4) Plaintiff fails to state a claim of false imprisonment; 5) Plaintiff fails to state a *Monell* claim against the City; and 6) as to the state law claims, Plaintiff has not alleged compliance with the presentment requirement. ECF No. 4 at 8-16.

Plaintiff did not file an opposition to the Motion to Dismiss, and on March 11, 2024, Magistrate Judge Barnes issued an Order to Show Cause. ECF No. 6. The Order directed Plaintiff to show cause within 14 days as to why this case should not be dismissed for lack of prosecution, and extended the deadline for a response to the motion to dismiss to March 29, 2024. ECF No. 6 at 2. On March 28, 2024, Plaintiff filed a First Amended Complaint ("FAC"). ECF No. 10. On April 3, 2024, Defendants filed a Motion to Strike the FAC. ECF No. 11. Plaintiff did not file an opposition to the motion to strike. Indeed, Plaintiff has not filed anything in this case since filing the FAC.

////

////

---

[1] The page references herein are to the page numbers on the header generated by the CM/ECF system.

## II. Analysis

### A. Motion to Strike

Defendants seek to strike Plaintiff's FAC for non-compliance with Federal Rule of Civil Procedure 15 and Magistrate Judge Barnes' order to show cause. ECF No. 11. Federal Rule of Civil Procedure 15 provides that a party may amend a pleading "once as a matter of course no later than:" 1) 21 days after serving it; or 2) 21 days after the service of a responsive pleading or motion under Rule 12(b). Here, the motion to dismiss was filed on February 5, 2024, and the 21 days expired no later than February 29, 2024.[2] Plaintiff was therefore not entitled to amend as a matter of course when he filed the FAC on March 28, 2024. Instead, Rule 15(a)(2) applied: "In all other cases, a party may amend its pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires." Defendants have filed a motion to strike and state that they did not consent to the amendment. ECF No. 11-1 at 2.

Magistrate Judge Barnes issued an order to show cause on March 11, 2024. ECF No. 6. That order to show cause required Plaintiff to file "an opposition or statement of non-opposition to defendants' motion [to dismiss]" by March 29, 2024, ECF No. 6 at 2; it did not authorize Plaintiff to file an amended complaint. Plaintiff thus had neither leave of court nor the agreement of Defendants to file the FAC. *See* Fed. R. Civ. P. 15(a)(2).

Plaintiff did not file an opposition to the motion to strike.[3] The Court recommends the motion to strike be GRANTED.

### B. Motion to Dismiss

Defendants bring their motion to dismiss pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6). ECF No. 4 at 2. Defendants argue that the allegations in the complaint about a broken tail light and expired registration provide probable cause for the traffic stop. ECF No. 4-1 at 9. Defendants argue that the use of handcuffs was not unreasonable and not sufficient to state a

---

[2] Federal Rule of Civil Procedure 6(d) provides for an additional 3 days for certain types of service.

[3] Local Rule 230 provides that any opposition must be filed within 14 days, and "failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." LR 230(c). Pro se litigants are subject to the same procedural requirements as other litigants. *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).

1   claim of assault or battery in Counts II and III. *Id.* at 9-10. Defendants argue the false
2   imprisonment count should be dismissed because Plaintiff was not confined after the initial traffic
3   stop and handcuffing. *Id.* at 12. Defendants further argue the *Monell* allegations are too vague
4   and conclusory to state a claim. *Id.* at 12-14. As to the state law claims, Defendants argue the
5   exact date of occurrence is unclear, and there are no allegations that the claims were presented to
6   the City under California Government Code §§ 945.4 and 950.6(a).

7   The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
8   sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.
9   1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of
10  sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901
11  F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to
12  relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A
13  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
14  the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*
15  *Iqbal*, 556 U.S. 662, 678 (2009).

16  In determining whether a complaint states a claim on which relief may be granted, the
17  court accepts as true the allegations in the complaint and construes the allegations in the light
18  most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However,
19  the court need not assume the truth of legal conclusions, even if cast in the form of factual
20  allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). While Rule 8(a)
21  does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-
22  unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers
23  mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."
24  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements
25  of a cause of action, supported by mere conclusory statements, do not suffice."). It is
26  inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the
27  defendants have violated the ... laws in ways that have not been alleged." *Associated Gen.*
28  *Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

4

As noted above, Plaintiff failed to file an opposition to the motion motion to dismiss. LR 230(c). The failure to comply with Local Rule 230 alone could merit dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Plaintiff did not comply with the Court's prior order to file an opposition by March 29, 2024. ECF No. 6. However, Plaintiff did file a FAC one day before the Court's deadline on March 28, 2024.

Many of Defendants' arguments are well-taken, including the argument that many of Plaintiff's assertions are conclusory. Plaintiff claims there was "an unreasonable search and seizure" and that he was "assaulted, battered, and falsely imprisoned." ECF No. 1 at 4. But he does not provide sufficient factual allegations to support those conclusions. However, Plaintiff does allege that he was stopped for a traffic violation ("tail light out"), he was handcuffed, and his vehicle searched. ECF No. 1 at ¶ 9. Plaintiff alleges nothing was found in the search, but then his vehicle was towed and impounded. ECF No. 1 at 7.

In considering whether leave to amend should be granted "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Here, it appears that Plaintiff may be alleging that the use of handcuffs constituted excessive force or an unnecessary seizure. In *Chinaryan v. City of Los Angeles*, the Ninth Circuit stated: "The Fourth Amendment protects persons from the terrifying and humiliating experience of being pulled from their cars at gunpoint, handcuffed, or made to lie face down on the pavement when insufficient reason for such intrusive police conduct exists." 113 F.4th 888, 897 (9th Cir. 2024) (internal citation and quotation omitted). The Circuit further described that in conducting the traffic stop at issue the officers "also handcuffed plaintiffs, which substantially aggravates the intrusiveness of an otherwise routine investigatory detention and is not part of a typical *Terry* stop." *Id.* at 898 (internal citation and quotation omitted).

Plaintiff also appears to allege that there was no reasonable suspicion for the search of his vehicle, and it is unclear from the allegations in the complaint why the vehicle was searched. Plaintiff could conceivably allege sufficient facts to state a Fourth Amendment claim concerning

the search. *See Knowles v. Iowa*, 525 U.S. 113, 114 (1998) (traffic stop for speeding did not authorize the officer, consistent with the Fourth Amendment, to conduct a full search of the car). Plaintiff may also be able to assert a claim concerning the towing of his vehicle, but insufficient facts are pled. See *Miranda v. City of Cornelius*, 429 F.3d 858, 865 (9th Cir. 2005) ("the decision to impound a vehicle after the driver has violated a vehicle regulation must consider the location of the vehicle, and whether the vehicle was actually 'impeding or threatening public safety and convenience' on the streets, such that impoundment was warranted").

Other defects with the complaint could also potentially be cured by amendment. For example, an amended complaint could address Defendants' argument concerning the presentment requirement for the state law claims. Before bringing suit against a public entity, California law requires the "timely presentation of a written claim and a rejection in whole or in part." *D.K. ex rel. G.M. v. Solano County Office of Educ.*, 667 F.Supp.2d 1184, 1195 (E.D. Cal. 2009) (*citing* Cal. Gov. Code § 905). "A plaintiff must allege facts demonstrating either compliance with the Government Tort Claims Act requirement or an excuse for noncompliance as an essential element of the cause of action." *Id.* at 1195. Absent such allegations, a complaint will fail to state a tort cause of action. *Id.* Plaintiff has not pled compliance or an excuse for noncompliance.

Plaintiff's *Monell* liability allegations are conclusory and insufficient to state a claim against the City of Manteca. Plaintiff alleges that the City had a policy or custom of not exercising reasonable care in its hiring, and to "inadequately supervise and train." ECF No. 1 at ¶¶ 44-45. The Supreme Court has stated "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 387 (1989). The Court stated: "We hold today that the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* at 388. And a "municipality can be liable under § 1983 only where its policies are the 'moving force behind the constitutional violation.'" *Id.* at 389 (cleaned up). Plaintiff has not sufficiently alleged what the City's policy or custom is, or how that policy was the moving force behind the alleged

constitutional violation. Plaintiff alleges that the vaguely described policy exhibited "deliberate indifference," but does not include sufficient factual allegations to support that conclusion.

As to the state law claims of assault, battery, and false imprisonment, a detailed examination of them at this time is not warranted because if Plaintiff is unable to state a § 1983 claim, then the Court would decline supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction). Plaintiff's Count VI is entitled "respondeat superior," which is not a cause of action. *See Elliott v. Solis*, 2017 WL 4811747 (E.D. Cal. 2017) (stating that, "courts have recognized that respondeat superior is not a standalone cause of action, but rather a theory of liability"; and collecting cases). Respondeat superior liability is also not applicable in § 1983 actions. *See Benavidez v. County of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021) ("[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.") (citing *Monell*).

The Court finds many of Defendants arguments are supported, and importantly Plaintiff has failed to oppose the motion. Accordingly, the Court recommends that Defendant's motion to dismiss be GRANTED. The Court must now also consider whether Plaintiff should be allowed leave to amend.

**C. Leave to Amend**

In considering leave to amend, the Court has considered that Plaintiff, without leave of court, filed a FAC. The Court has reviewed the FAC and it is substantially similar to the original. It adds Officer Rehman, and the claims listed in the caption of the FAC are slightly different, although the body of both the FAC and the original complaint contain six counts. Plaintiff includes some additional factual allegations in paragraph two of the FAC. ECF No. 10 at ¶ 2. As set forth above, the Court recommends the FAC be stricken.

However, Plaintiff is proceeding pro se and "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar*, 698 F.3d at 1212. A pro se litigant should

7

also generally be given notice of the deficiencies with the complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) ("[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively."). One could argue that Plaintiff was put on notice of the deficiencies through Defendant's motion to dismiss, and that his FAC did not cure the deficiencies. However, as it is not clear that amendment would be futile, the Court concludes an additional opportunity to amend is appropriate.

### D. Miscellaneous Motions

Defendant filed a request to file a reply in the event that Plaintiff did file an opposition to the motion to dismiss. ECF No. 8. Plaintiff did not file an opposition, and thus the request is denied as moot.

Plaintiff also filed a one-sentence, handwritten, request to be allowed to be an e-filer because he has a computer. ECF No. 9. The Local Rules provide that "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." *See* Local Rule 133(b)(2). Plaintiff's motion for electronic case filing does not provide good cause for deviance from this Local Rule. Thus, Plaintiff's motion to e-file is denied

### III. Conclusion

**IT IS HEREBY ORDERED** that:

1. Defendant's request to file reply (ECF No. 8) is DENIED AS MOOT.
2. Plaintiff's motion to file electronically (ECF No. 9) is DENIED.

**IT IS HEREBY RECOMMENDED** that:

1. Defendants' motion to dismiss (ECF No. 4) be GRANTED and the Complaint (ECF No. 1) be dismissed and Plaintiff allowed leave to amend;
2. Defendants' motion to strike (ECF No. 11) be GRANTED; and
3. The matter be referred back to the undersigned for further proceedings and Plaintiff be allowed 30 days after the decision on these Findings and Recommendations to file a First Amended Complaint.

These findings and recommendations will be submitted to the United States District Judge

8

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 30, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE